IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRADFORD E. WILSON             :    CIVIL ACTION
                               :
v.                             :
                               :
CITY OF PHILADELPHIA, et al.   :    NO. 11-7844

FILED
MAR 14 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

M E M O R A N D U M

O'NEILL, J.                         MARCH 14, 2012

By Order of this Court dated December 30, 2011, plaintiff was given leave to file an amended complaint to provide the Court with more information about his claims. In his amended complaint, he is alleging that he was evicted from a homeless shelter because of remarks that he made about another resident. He is also alleging that he was evicted from another shelter that has a day care center because he is a convicted sex offender. For the reasons which follow, plaintiff's amended complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff is suing the City of Philadelphia and the Office of Supportive Housing because he was evicted from the shelters. However, municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint. Therefore, plaintiff's claims against the City of Philadelphia and the Office of Supportive Housing will be dismissed.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. <u>West v. Atkins</u>, 487 U.S. 42 (1988). Plaintiff's complaint does not contain any references to the defendants identified as "two women name unknown". Therefore the claims against them must be dismissed.

Finally, the claims against Jim O'Keefe must also be dismissed. Plaintiff alleges that he spoke with defendant O'Keefe after he was evicted from the shelter for his remarks about other residents. He alleges that Mr. O'Keefe told him that this was not a basis for eviction and that he should appeal. These allegations do not support a finding that defendant O'Keefe violated plaintiff's constitutional rights.